# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

JEREMIAH CRAYCRAFT,

        Petitioner,    :    Case No. 1:13-cv-089

    - vs -    District Judge William O. Bertelsman
        Magistrate Judge Michael R. Merz

WARDEN, Hocking Correctional Facility,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 24) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 20). Judge Bertelsman has recommitted the case for reconsideration in light of the Objections (Doc. No. 25).

Petitioner Jeremiah Craycraft is now serving two consecutive eight-year sentences for committing felonious assault on each of his infant children. At trial he was convicted of one count of felonious assault, two counts of endangering children, and one count of domestic violence as to each child and sentenced to a total of twenty-two years confinement.

Between the time of sentencing and the decision of this case on the first direct appeal, the Ohio Supreme Court worked a major change in the way it applies Ohio's allied offenses statute, Ohio Revised Code § 2941.25, in *State v. Johnson,* 128 Ohio St.3d 153 (2010). The Twelfth District had affirmed Craycraft's conviction, but the Ohio Supreme Court had accepted an appeal and the same day it decided *Johnson*, the Ohio Supreme Court remanded this case to the Twelfth

1

District Court of Appeals for reconsideration in light of *Johnson*. *State v. Craycraft,* 128 Ohio St. 3d 337 (2010). Applying *Johnson* to this case, the Twelfth District found that the felonious assault and endangering children charges had to be merged. It remanded the case for the prosecutor to elect which charges would stand and for the trial court to impose a sentence. *State v. Craycraft*, 193 Ohio App. 3d 594 (12th Dist. 2011).

After the trial judge imposed the sentence Craycraft is now serving, he appealed again, expressly raising the constitutional claim that he had been vindictively sentenced on remand to a higher sentence on each of the felonious assault charges. Applying *North Carolina v. Pearce*, 395 U.S. 711 (1969), the relevant United States Supreme Court precedent, the Twelfth District held that the sentence was not vindictive. *State v. Craycraft*, 2012-Ohio-884, ¶¶ 10-15, 2012 Ohio App. LEXIS 768, at **6-9 (12th Dist. Mar. 5, 2012). This time the Ohio Supreme Court declined jurisdiction over a subsequent appeal. *State v. Craycraft*, 132 Ohio St. 3d 1463 (2012).

In his habeas petition, Craycraft presents the same claim he presented to the Twelfth District, to wit, that his increased sentence from six to eight years on each of the felonious assault charges after a successful appeal is unconstitutionally vindictive. Because the state courts had decided the claim on the merits, the Report reviewed that decision through the lens of AEDPA deference and concluded it was neither contrary to nor an objectively unreasonable application of *Pearce, supra* (Report, Doc. No. 20, PageID 1742-50). Accordingly, the Report recommended that the Petition be dismissed, but also found the question close enough to recommend a certificate of appealability. *Id.* at PageID 1751. The Warden did not object to that recommendation and it may therefore be adopted by the Court.

Petitioner, however, raises a number of objections.

**Objection No. 1: The Magistrate Judge did not find that federal courts should respect Ohio's rule that each sentence for each count must be considered in isolation from the other counts (Objections, Doc. No. 24, PageID 1758).**

In his First Objection Craycraft argues this Court must "respect" the Ohio Supreme Court's rejection of the sentencing package doctrine and that the Report does not do so. To the contrary, what the Report refuses to do is to apply Ohio's count-by-count rule *de novo*. The Twelfth District Court of Appeals was faced with precisely this argument: that Ohio's rejection of the sentencing package doctrine required a finding of vindictiveness in the increased sentence. It rejected that argument, concluding that the count-by-count rule did not invalidate the new sentence. That is the ruling on a question of state law which this Court is bound to accept. We have no warrant to apply a principle of Ohio law to overrule an Ohio court of appeals' application of that principle. The Supreme Court of Ohio could have done so on appeal from the Twelfth District, but declined to review the Twelfth District's application of its *Johnson* decision in this case.

**Objection No. 2: The Magistrate Judge was incorrect when he wrote that "In addition, not mentioned in the Traverse are two counts of domestic violence with prior conviction specifications, on which, both before and after remand, Craycraft was sentenced to four years each, to be served concurrently with the other sentences." Report, Doc. 20, PageID 1744 (Objections, Doc. No. 24, PageID 1760).**

The Objection correctly points out that the two third-degree felony counts of domestic violence were merged into the felonious assault counts on remand (Re-Sentencing Judgment, Return of Writ, Doc. No. 9, PageID 370). This correction has no impact on the ultimate conclusion that habeas relief is not warranted.

3

**Objection No. 3:** *Pearce* **is not concerned with why the defendant won an appeal; the presumption is triggered when the defendant challenges the trial court's decision and wins (Objections, Doc. No. 24, PageID 1760).**

In *North Carolina v. Pearce*, 395 U.S. 711 (1969), the Supreme Court created a presumption of vindictiveness when a defendant receives a more severe sentence after remand and retrial. Craycraft writes "*Pearce* exists because a defendant's decision to appeal coupled with success on that appeal triggers the presumption. Nothing in the *Pearce* rule considers the reason for the appellate reversal." (Objections, Doc. No. 24, PageID 1761.) The first of these two sentences is accurate, but the second is not. The Supreme Court itself has recognized other re-sentencing situations where the *Pearce* presumption does not apply or is rebutted. *Texas v. McCullough*, 475 U.S. 134 (1986); *Colten v. Kentucky*, 407 U.S. 104 (1972); *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973); *Moon v. Maryland*, 398 U.S. 319 (1970). In other words, *Pearce* must be read in light of later Supreme Court case law interpreting *Pearce* and that later case law considers the reasons for resentencing, including reversal on appeal.

Craycraft also quarrels with the Report's characterization of *State v. Johnson, supra*, as adopting "an entirely new analysis" of Ohio Revised Code § 2941.25, but admits it "may have significantly changed" that interpretation (Objections, Doc. No. 24, PageID 1762). The point seems to have been that Craycraft could possibly have won his first appeal under pre-*Johnson* law. *Id.* The Magistrate Judge fails to see how that affects the analysis under *Pearce*.

Craycraft relies on this Magistrate Judge's recommendation to grant the writ in *Martin v. Warden*, 2012 U.S. Dist. LEXIS 36221 (S.D. Ohio Mar. 19, 2012). The claim made there, by the same counsel who represents Craycraft here, was that direct appeal counsel was ineffective for failing to raise a *Pearce* claim. The First District Court of Appeals had decided there was no ineffective assistance of appellate counsel because *Pearce* was completely inapplicable to Ohio

4

resentencings to properly impose post-release control. This Court found that to have been an objectively unreasonable application of *Pearce*. However, the Magistrate Judge also wrote:

> If the court of appeals had completed the Pearce analysis this Court went through and determined the Pearce presumption did not apply because it weighed the factors listed in *McCullough* differently from this Court, that would not have been an objectively unreasonable application of *Pearce*. Reasonable jurists could disagree on whether the Supreme Court would apply the presumption to a case like this. But that is not what the court of appeals decided. They declined to apply *Pearce* vindictiveness analysis at all because they regarded the resentencing as de novo based on the voidness of the prior judgment — and *Pearce* leaves no room for such an analysis.

*Id.* at *25. That is the distinction between this case and *Martin*. Here the Twelfth District did weigh facts on the question of vindictiveness and found the presumption rebutted. *State v. Craycraft*, 2012-Ohio-884, 2012 Ohio App. LEXIS 768 (12th Dist. Mar. 5, 2012). Thus the Twelfth District's decision here is precisely the type of decision to which this Court said in *Martin* it would give AEDPA deference. If *Martin* is good law – and Craycraft argues it is – it supports the Report, rather than undermining it.

**Objection No. 4: None of the Pearce exceptions cited by the Magistrate Judge apply to this case (Objections, Doc. No. 24, PageID 1763).**

In his Fourth Objection, Craycraft argues none of the exceptions recognized by the Supreme Court in *McCullough, supra*, is applicable to this case (Objections, Doc. No. 24, PageID 1763). Petitioner is correct: none of the exceptions to *Pearce* recited by the Supreme Court in *McCullough* reads directly on the facts of this case. But the Supreme Court in *McCullough* offered the examples it gave as illustrating a more general point: the *Pearce* rule is a prophylactic rule, a "judicially created means of effectuating the rights secured by the

5

[Constitution]," rather than a direct command of the Constitution itself. *McCullough*, 475 U.S. at 138.- *citing* *Stone v. Powell*, 428 U.S. 465, 482 (1976), where the Court held the exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643 (1961), can be applied in habeas only if a defendant did not have a fair opportunity to litigate his or her Fourth Amendment claims in state court. The Supreme Court went on in *McCullough* to say the particular circumstances in which a higher sentence is imposed after appeal must be examined in order to guard against vindictiveness and *Pearce* is restricted to areas where its "objectives are thought must efficaciously served." *Id.*, *citing Stone*, 428 U.S. at 487. That is the process the Twelfth District followed in this case and its results are not objectively unreasonable. Its results are, however, debatable among reasonable jurists, which is why the Report recommends granting a certificate of appealability.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, but that Petitioner be granted a certificate of appealability on the one ground for relief he pleads.

August 20, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

6

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).